IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DERRICK HOUSTON )
)
v. ) NO. 3-15-0829
) JUDGE CAMPBELL
PEPSICO, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 19). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

INTRODUCTION

Plaintiff, a Caucasian male, is a former employee of Defendant Pepsico, Inc. ("Pepsico"). Plaintiff's Amended Complaint (Docket No. 1-2, pp. 10-17) alleges that Plaintiff's two supervisors were African-American and that they treated Plaintiff less favorably than his African-American co-workers. Plaintiff contends that Defendant created and/or allowed a racially hostile work environment which caused so much stress and anxiety that Plaintiff was forced to take medical leave.

Plaintiff took a medical leave of absence beginning on January 17, 2014, and on April 4, 2014, Plaintiff resigned from his job, allegedly because of the stress and anxiety caused by the workplace. Plaintiff's Amended Complaint asserts claims for violations of the Tennessee Human Rights Act ("THRA"), the Tennessee Disability Act ("TDA"), the Americans with Disabilities Act ("ADA"),[1] and Title VII (42 U.S.C. § 2000e, *et seq*).

---

[1] Plaintiff's Amended Complaint does not identify any alleged "disability" of Plaintiff.

Plaintiff has now conceded his Title VII claim, his ADA claim, his TDA claim, his wrongful termination claim and his retaliation claim. In response to Defendant's Motion, he argues solely that he was subjected to a racially hostile work environment in violation of the THRA.

## MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

Defendant first argues that Plaintiff's THRA hostile work environment claim is time-barred. A party must bring any civil action for violation of the THRA within one year after the alleged discriminatory practice ceases. Tenn. Code Ann. § 4-21-311(d). Plaintiff resigned his position with Pepsico on April 4, 2014. His Complaint was filed in state court on April 6, 2015. At the time he resigned his position, however, Plaintiff was on medical leave and had been away from work since January 16, 2014. To the extent there were any acts of racial harassment toward Plaintiff, any such acts would have stopped by January 17, 2014. There is no evidence in the record that Plaintiff was harassed by anyone while he was on medical leave.

Therefore, the discriminatory practices of the alleged hostile work environment had ceased by January 17, 2014, at the latest.[2] Plaintiff's Complaint filed on April 6, 2015, was too late. Accordingly, Plaintiff's THRA claim, his only remaining claim, is DISMISSED as time-barred.

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 19) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

                                                      _____
                                                      TODD J. CAMPBELL
                                                      UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff contends in his response that the constructive discharge occurred within the one-year period, but Plaintiff has conceded his wrongful termination claim.